UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALIL O. JACKSON,<br><br>                              Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY SERVICES GROUP INC. and<br>MORGAN STANLEY & CO. LLC<br><br>                              Defendants. | No. 20-CV-2843-JGK |

## ~~PROPOSED~~ STIPULATION AND ORDER
## REGARDING CONFIDENTIAL INFORMATION

WHEREAS, on June 17, 2020, the Second Amended Standing Administrative Order 11 Misc. 03 (the "Order") in counseled employment discrimination cases was ordered in the instant case and, as such, the Protective Order attached as Attachment B was deemed issued;

WHEREAS, the Protective Order applies to information and documents exchanged by the parties pursuant to the Discovery Protocol;

WHEREAS, in response to further requests for discovery, it is anticipated that additional documents will be produced and the parties request added levels of protection for those documents.

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.Ā    Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary

to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

     2.    Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

     3.    In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

     4.    Information or documents designated as confidential information shall not be disclosed to any person, except:

     (a)    The requesting party and counsel, including in-house counsel;

     (b)    Employees of such counsel assigned to and necessary to assist in the litigation;

     (c)    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

     (d)    Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

     (e)    The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury

at trial or as exhibits to motions or as referenced in such motions, or opposition thereto, including in briefs, memoranda of law, and statements of material facts and responses thereto.

      5.    Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

      (a)    inform the person of the confidential nature of the information or documents; and

      (b)    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

      6.    The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit 1. In the event such person refuses to sign an agreement in the form attached as Exhibit 1, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

      7.    For disclosures of documents or information transferred to the United States that originated anywhere in the European Economic Area (EEA) or the United Kingdom (UK), the production of the documents or information must be compliant with the requirements of European Parliament and Council of European Union (2016) *Regulation (EU) 2016/679*, also known as, the General Data Protection Regulation ("GDPR").  Any documents or information that includes protected "personal data" of EU residents or citizens as broadly defined under GDPR, Art. 4, must be the subject of purpose limitation and data minimization, pursuant to GDPR, Art. 4.  As such, all such documents or information must be marked "CONFIDENTIAL" and all personal data contained therein that is not directly relevant to the matter must be redacted or pseudonymized prior to production and such redactions and pseudonymization must be

"locked", all relevant metadata scrubbed, and maintained throughout the litigation. All documents and information produced subject to this provision must be (a) encrypted in transit; (b) where practicable, encrypted at rest; (c) stored and reviewed in a computer system, network, application, or repository that is password protected and is secured according to industry standards and best practices; (d) when attached to a court filing, filed under Seal, pursuant to paragraph 9 below; and (e) returned or destroyed upon completion of the litigation, as set forth in Paragraph 10 below. If documents or information produced pursuant to this provision are access without authorization or in contravention of this provision, the receiving party must notify the producing party within 72 hours.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. All Confidential Information that is filed with the Court shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court in accordance with the terms of this Stipulation and Order. In the event that either party desires to file with the Court any pleadings, motions, statements of material fact or other papers that contain or disclose any Confidential Information, the party seeking to file the Confidential Information shall provide no less than seven (7) days' written notice of its intent to file such material with counsel for the other party, who shall consider such request in good faith and have the option to remove the designation for the

purposes of the filing. If the parties are unable to reach an agreement, the party intending to use the information must file a motion or letter motion for leave to file sealed or redacted materials at the request of opposing counsel in accordance with the Individual Practices of this Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

```
This Order is not binding on the Court or court
personnel.  The Court reserves the right to amend this
Order at any time.
```

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| D'ORAZIO PETERSON LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| By: _____ | By: _____ |
| Giovanna A. D'Orazio, Esq. | Kevin B. Leblang, Esq. |
| Scott M. Peterson, Esq. | Amelia B. Munger, Esq. |
| 126 High Rock Avenue | 1177 Avenue of the Americas |
| Saratoga Springs, NY 12866 | New York, New York 10036 |
| (518) 308-8339 | (212) 715-9306 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**SO ORDERED** this 15th day of December, 2020

**New York, New York**

/s/ John G. Koeltl

**The Honorable John G. Koeltl**
**United States District Judge**

# EXHIBIT 1

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Khalil O. Jackson v. Morgan Stanley Services Group et al.*, No. 20-cv-2843 (S.D.N.Y 2020) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____
Printed Name

_____
Signature
Date: