UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHALIL O. JACKSON,

        Plaintiff,

  -against-

MORGAN STANLEY SERVICES GROUP INC., et al.,

        Defendants.

20-CV-2843 (JGK) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

      The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases and Emergency Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

      Plaintiff has filed a letter-motion dated March 15, 2021 (Dkt. No. 39), seeking a discovery conference regarding three areas of dispute. However, the letter is vague as to the precise relief requested. For example, in paragraph (a), plaintiff complains that "Defendants have objected to providing documents and communications within the possession of additional custodians," but fails to identify (or describe by position) the "additional individuals from whom relevant information is sought." Additionally, although plaintiff alludes to "follow-up Interrogatories and Document Requests" that he has served, he does not attach the disputed requests (and/or responses), nor quote them verbatim, as required by Local Civ. R. 37.1 and Moses Ind. Prac. § 2(a).

Plaintiff's letter-application is therefore DENIED without prejudice to refiling in compliance with Local Civ. R. 37.1 and this Court's Individual Practices. Plaintiff is directed, on refiling, to identify plainly for the Court:

(i) what he has asked for (and quote or attach the relevant document demands, interrogatories, or other discovery requests as served);

(ii) what, if anything, defendant has produced or agreed to produce in response (and quote or attach the relevant objections, interrogatory answers, or other discovery responses as served);

(iii) what efforts the parties have made to resolve the issue without judicial intervention;

(iv) what relief plaintiff seeks from the Court; and

(v) what provision of the Federal Rules of Civil Procedure, or other authority, authorizes that relief.

In accordance with Moses Indiv. Prac. § 2(e), defendants' opposition to plaintiff's renewed letter-motion shall be due within three court days of the moving letter, and any reply is due within two court days of the opposition. Upon receipt of the renewed letter-motion the Court will determine whether a discovery conference pursuant to Local Civ. R. 37.2 is required. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing.

The Court notes that the Hon. John G. Koeltl, United States District Judge, has issued a Revised Civil Scheduling Order (Dkt. No. 38) setting a June 25, 2021 deadline to complete all discovery, including expert discovery.

Going forward, the parties and their counsel are cautioned:

1. All discovery must be initiated in time to be concluded by the deadline to complete discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and Moses Ind. Prac. § 2(b). Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference), or to extend a deadline (including a discovery deadline) must be made in writing, *in advance* of the proceeding or deadline at issue, and in compliance with Moses Ind. Prac. § 2(a). Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with Moses Ind. Prac. § 1(d), letters and letter-motions are limited to four pages, exclusive of attachments, unless permission for a longer letter is obtained *in advance*.

6. If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin Snell at (212) 805-0228 immediately.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **Conferences and Hearings**. All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance.  If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.
>
> **Remote Depositions**. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g*., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 39.

Dated: New York, New York
March 16, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**