

**D'ORAZIO PETERSON**

Scott M. Peterson
Giovanna A. D'Orazio
Marino D'Orazio, JD, PhD, Of Counsel

193 Lake Avenue
Saratoga Springs, NY 12866
www.doraziopeterson.com
518.308.8339

**MEMO ENDORSED**

March 24, 2021
Via CM/ECF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2021

United States Magistrate Judge Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:     Jackson v. Morgan Stanley Services Group Inc. and Morgan Stanley & Co., LLC
             Civil Action No. 20-cv-02843-JGK-BCM

Dear Judge Moses:

      On behalf of Plaintiff Khalil Jackson ("Plaintiff"), we respectfully submit this reply letter in further support of Plaintiff's request, pursuant to Local Rule 37.2, for a discovery conference and associated relief in this matter [Dkt. 42], and in response to the March 22, 2021 letter submitted by Defendants with respect thereto [Dkt. 43].

      **A.**     **Additional Custodians of Relevant Information**.

      Plaintiff acknowledges that Defendants have agreed to produce documents within the possession of Moira Kilcoyne, Matthew Chung and Yayoi Vickovic as referenced in their letter.

      (1)     <u>2010-2011 Promotion Committee</u>.  Although Defendants indicate that, in their forthcoming responses to Plaintiff's Second Set of Interrogatories and Request for Production of Documents, they will be producing additional documents regarding the 2010-2011 promotion process and promotional criteria within the possession of Human Resources, Defendants also appear to hold firm on their objection to producing documents and communications within the possession of the members of the promotion committee and other decision makers potentially unknown to Plaintiff.

      Defendants do not appear to dispute that these decision makers would be implicated by the Initial Discovery Protocols for Employment Cases or that their information is relevant to the claims and defenses in this action.  Instead, Defendants point to the time period at issue as well as the fact that the promotion committee's knowledge of Plaintiff's enlistment is conjectural.

      With respect to the first point, Plaintiff's claims under USERRA are not subject to a statute of limitations and, as a general matter, employment plaintiffs are entitled to discovery over the period of the alleged discriminatory conduct.  The suggestion that some documents may not have

been preserved or no longer exist has no bearing on Defendants' obligation to search for and disclose those that do exist, and which are within the custody of the decision makers during the only time period Plaintiff was actually nominated for a promotion to Executive Director. This is a finite list of individuals, and the time period is necessarily limited. Accordingly, Plaintiff submits that the burden to Defendants does not outweigh Plaintiff's need for discovery.

With respect to the second point, Defendants acknowledge in their letter that Plaintiff's enlistment occurred during the 2010-2011 promotion process. At least Plaintiff's direct manager, who was involved in the promotion process and appears on promotion committee emails, had knowledge of Plaintiff's enlistment when it occurred. Additionally, there continues to be outstanding discovery as to this process, and promotions in the Technology Division generally, and Plaintiff has not yet received responses to his requests as to the timing of relevant decisions and points in the promotion process. Given the fact that Plaintiff was strongly recommended for a promotion to Executive Director, effective 2011, documents and communications within the possession of the promotion committee are material and relevant to Plaintiff's claim that, once he enlisted in 2010, he was no longer considered.

**B.**     **Discovery as to Managing Directors**. Defendants' objection to managing director discovery is primarily addressed to Plaintiff's promotion to this position and does not address Plaintiff's claims, and corresponding request for discovery, as to the lack of Black and servicemember managing directors nor his claim that his prospects for future promotion to Managing Director, and concomitant earning potential, were diminished due to the failure to promote him to Executive Director.

As a general matter, to the extent that Defendants point to "highly confidential" information involving other employees, this concern is alleviated by the Stipulation and Order Regarding Confidential Information. [Dkt. 34].

Plaintiff respectfully submits that acceptance of Defendants' position that Plaintiff was not qualified for a promotion to Managing Director, and therefore not entitled to any discovery on this issue, would be akin to granting a motion for summary judgment as to these claims. Plaintiff has alleged, and discovery to date has confirmed, that peers holding the position of Vice President at the same time as Plaintiff were eventually promoted to Managing Director, whereas Plaintiff has not. Defendants' position that because Plaintiff was never promoted to Executive Director, he was was never "qualified" for a promotion to Managing Director is precisely the basis for Plaintiff's claim as to his career set back due to discrimination and retaliation.

Based upon their position that no Managing Director discovery is appropriate, despite reference to factual information regarding Managing Directors in their letter, Defendants have not produced any information to substantiate their claims as to the number of Managing Directors (and promotions to that position) in the Technology Division during the relevant time period; policies relating to eligibility for promotion to Managing Director; or as otherwise relevant to Defendants' defenses [see, e.g., Initial Discovery Protocols for Employment Cases [Part 3(2)(g) (employment policies); Dkt. 42-1 (Exhibit A: Document Request No. 8)]..
With respect to individuals promoted to the position of Managing Director within the

Technology Division, Plaintiff has agreed to limit his request for identifying and employment information, as well as compensation information, to the period 2015 through 2017. With respect to Black and service member managing directors within the Technology Division, however, it is Plaintiff's position that he is entitled to the requested information during the period 2010-2017 in connection with his claim that individuals within his protected classes did not occupy higher level management or decision-making roles during the periods Plaintiff should have been promoted. [see, e.g., Dkt. 42-4 (Exhibit D: Interrogatories No. 7-10)].

Finally, with respect to compensation information, in addition to Plaintiff's lack of promotion, Plaintiff has alleged that his employment prospects and earning potential were damaged as a result of Defendants' failure to promote him to Executive Director. What Plaintiff could have expected to earn as a Managing Director is relevant to this claim. In light of other documents produced in discovery, it is Plaintiff's understanding that this information could be provided without revealing the Managing Director's identity in a document that reflects average compensation [see, e.g., Dkt. 42-4 (Exhibit D: Document Request No. 9)].

### C. Other Complaints of Discrimination and Retaliation.

Contrary to Defendants' claim that similar complaints are of limited probative value, as set forth in Plaintiff's March 18, 2021 letter, it is well settled that other complaints are relevant evidence of discrimination and there is ample support in this District for discovery of similar complaints against Defendants beyond Plaintiff's director supervisors and including defendant-wide. See Jihrad v. TD Securities USA, Inc., 2003 WL 1872654 (S.D.N.Y. 2003) (modifying prior order which had limited discovery to the plaintiff's supervisors and allowing defendant-wide discovery of prior similar complaints). The case relied on by Defendants is distinguishable because the cited language is in the context of promotion and compensation decisions and not similar complaints. Courts in this Circuit have also rejected similar arguments made by Defendants including the failure to keep complaints in a centralized location. See Sasikumar v. Brooklyn Hospital Center, 2011 WL 1642585, *3 (E.D.N.Y. 2011).

Here, decisions are made not only by an individual's direct supervisors but also by promotion committees and higher-level managers. (Defendants acknowledge this to be the case when they discuss promotions at Section B of their letter). Additionally, Plaintiff's claims implicate, among other things, Defendants' policies and procedures in reemploying employees into the appropriate positions following military leave; the lack of service member and Black employees in positions of management and authority at Morgan Stanley; and the promotion and management prospects of service members and Black employees, none of which would be limited to the involvement Plaintiff's direct superiors. To that end, given the fact that Plaintiff was one of the only, if not the only, Black or service member Vice President reporting to his direct supervisors, Defendants' position would necessarily prevent Plaintiff from receiving discovery of any prior similar complaints against Defendants. Similarly, while Plaintiff submits that, at the very least he is entitled to complaints made by Technology Division employees, given the underrepresentation of service member and Black professionals in this Division, company-wide complaints are relevant.

With respect to the time period of relevant complaints, Plaintiff requested from 2012 (five

Hon. Barbara Moses
March 24, 2021
- 4 -

years prior to his forced resignation [Shannon v. New York City Transit Auth., 2001 WL 286727, *2-3 (S.D.N.Y. 2001)] through the present.  Contrary to Defendants' claim that the request for post-forced resignation complaints is overly broad, Plaintiff submits that, at least with respect to formal lawsuits and administrative charges, Plaintiff is entitled to complaints that encompass allegations of similar wrongful conduct during the period of Plaintiff's employment even if they were made following his forced resignation.  Given the lack of statute of limitations applicable to a USERRA claim, as well as the fact that claims of both race and military service discrimination may capture a significant time period of discriminatory conduct predating an adverse employment action, these complaints are relevant.  To that end, Plaintiff is aware of at least one pending race discrimination lawsuit against Defendants implicating the time period of his employment.

Thank you in advance for your consideration.  Please do not hesitate to contact us should the Court require any additional information.

Respectfully submitted,

*/s/ Giovanna A. D'Orazio*

Giovanna A. D'Orazio

cc: Kevin B. Leblang, Esq.
Amelia B. Munger, Esq. (via CM/ECF)

---

Judge Moses will conduct a discovery conference on **April 5, 2021, at 11:00 a.m.** The conference will be conducted remotely via Microsoft Teams. Chambers will email the videoconferencing link to the parties. A publicly accessible audio line is available to nonparties, including members of the public, by dialing **(917) 933-2166** and enter the access code  432625396#. Nonparties must observe the same decorum as would be expected at an in-person conference, and must mute their telephone lines throughout the proceeding. Judge Moses intends to rule on disputes outlined in plaintiff's March 18, 2021 letter-motion (Dkt. No. 42), based on the letter briefing and arguments of counsel at the conference. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 42. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
March 26, 2021