# Kramer Levin



Kevin B. Leblang

Partner

**T** 212.715.9306

**F** 212.715.8306

kleblang@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036

T 212.715.9100

F 212.715.8000

```
┌─────────────────────────────────────────────────┐
│ Application granted.   SO ORDERED.                │
│                                                   │
│ New York, NY          /s/ John G. Koeltl          │
│ August 23, 2021       John G. Koeltl, U.S.D.J.    │
└─────────────────────────────────────────────────┘
```

**August 20, 2021**

<u>Via ECF</u>

The Honorable John G. Koeltl
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     **<u>Jackson v. Morgan Stanley Services Group Inc., et al., No. 20-cv-02843-JGK-BCM</u>**

Dear Judge Koeltl:

We represent Defendants Morgan Stanley Services Group Inc. and Morgan Stanley & Co. LLC (collectively, "Defendants") in the above referenced matter.  Concurrently with this letter, we are filing Defendants' Notice of Motion for Summary Judgment ("Motion"), Memorandum of Law in Support of the Motion ("MOL"), Rule 56.1 Statement, Witness Declarations and a Declaration by the undersigned, with exhibits.

In accordance with Your Honor's Individual Practice Rules VI(A)(1) and (2) (the "Rules") and pursuant to the Stipulation and Order Regarding Confidential Information entered on June 17, 2020, Dkt. No. 34, Defendants respectfully write to request the redaction and/or sealing of certain information filed in connection with Defendants' Motion for Summary Judgment.

Defendants move to redact or seal two categories of documents attached to and referenced in the MOL and Rule 56.1 Statement:

        (i) Documents concerning talent rankings and promotion history of non-party employees, as well as Defendants' internal policies and procedures for making promotion determinations; and

        (ii) Documents concerning compensation of party and non-party employees, as well as Defendants' non-public policies and procedures for making compensation determinations.

Procedurally, Defendants are simultaneously publicly filing documents with the proposed redactions and electronically filing under seal copies of the unredacted documents with the redactions highlighted.  Defendants have met and conferred with Plaintiff in



**The Honorable John G. Koeltl**
August 20, 2021

accordance with the Rules; Plaintiff consents to Defendants' request and has requested additional documents for redaction or sealing.[1]

<u>Legal Standard</u>:  In deciding whether documents should be filed under seal, the Second Circuit employs a three-part analysis: (1) the court determines whether the documents are judicial documents to which the public has a presumptive right of access; (2) the court evaluates the weight of the presumptive right of access; and (3) "once the weight of the presumption is determined, a court must balance competing considerations against it." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (internal quotations omitted) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Countervailing considerations include "the privacy interests of [those] resisting disclosure," and the "privacy interests of innocent third parties." *Amodeo*, 71 F.3d at 1050 (internal quotations omitted).  Courts also consider the "harm [to] a litigant's competitive standing" that may result from public disclosure.  *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017) (internal quotations and citations omitted).

Defendants have carefully reviewed the material that is the subject of this letter-motion and submit that this request satisfies the criteria set forth in *Lugosch* and is "narrowly tailored" to serve the privacy interests of Defendants and their non-party employees.  435 F.3d at 120.

<u>Talent Rankings and Promotion Information:</u>  Defendants seek leave to seal and/or redact material concerning the talent rankings and promotion history of non-party employees, as well as Defendants' internal policies governing promotion determinations.[2]  Non-party employees have strong privacy interests in assessments of their job performances and their promotion history.  *See Oliver Wyman*, 282 F. Supp. 3d at 706–07 ("[T]he allegations in the exhibits detailing internal employee evaluations would likely cause embarrassment to third parties and … the third parties' privacy interests outweigh the public's interest in disclosure.") (internal quotations and citations omitted); *Hernandez v. Office of Comm'r of Baseball*, No. 18-cv-9035, 2021 WL 1226499 at *12 (S.D.N.Y. Mar. 31, 2021) (sealing employee evaluations shared with a few select individuals to prevent embarrassment of third parties). Further, this material contains sensitive information that may influence Defendants' competitive standing if disclosed.  Disclosure of employee rankings and promotional history may result in misuse by competitors wishing to target certain employees.

---

[1] Plaintiff has requested that the following exhibits attached to Defendants' Motion be sealed and/or redacted: Ex. 34 (P0029 – P0030), Ex. 35 (P0050), Ex. 41 (P0410), Ex. 46 (P0027 – P0028), Ex. 49 (P0051 – P0052), Ex. 51 (P0414), Ex. 54 (P0408), Ex. 55 (P0012), Ex. 56 (P0013 – P0025), and Ex. 59 (P0053).  On August 17, 2021, per Your Honor's Rules, Defendants informed Plaintiff of his obligation to file a letter to the Court within three days explaining the need to seal or redact the materials.

[2] Specifically, Defendants move to seal or redact the following exhibits: Ex. 7 (MS_002239 –MS_002252); Ex. 8 (MS_002253 – MS_002255); Ex. 9 (MS_000361 – MS_000371); Ex. 10 (MS_002205 – MS_002206); Ex. 11 (MS_002204); Ex. 20 (MS_002358A-J); Ex. 21 (MS_002223). Defendants also move to redact certain references to those exhibits from the MOL and Rule 56.1 Statement.

The Honorable John G. Koeltl
August 20, 2021



Additionally, Defendants' internal promotion procedures are highly confidential and include Defendants' proprietary processes for promotion eligibility and selection.

**Compensation and Bonuses:** Defendants seek leave to seal and/or redact material concerning compensation and bonuses paid to Defendants' employees, including party and non-party employees, as well as Defendants' internal policies and procedures for determining compensation and bonuses.[3] This information is highly confidential because Defendants' employees have a strong privacy interest in their own compensation, and Defendants have a business interest in securing competitive business information.

Courts routinely hold that salary and compensation information is protected from public disclosure, both to secure the privacy interests of the individuals involved, especially non-parties, and to protect the competitive interests of employers. *See, e.g., Oliver Wyman, Inc.*, 282 F. Supp. 3d at 706–07 (permitting redaction of salary information and average compensation); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, 18 Civ. 2392 (RMB), 2020 WL 3170566 at *2 (S.D.N.Y. June 15, 2020) (granting request to redact employee salary information).

Public disclosure of documents disclosing the average compensation of Executive Directors and Vice Presidents would result in great harm to Defendants because competitors would learn the average compensation of Morgan Stanley officer-level employees and be able to hire them away from the Company with greater efficiency. *Oliver Wyman, Inc.* at 706 (finding that public disclosure of documents disclosing average and individual partner compensation may harm a litigant's competitive standing) (internal quotations and citations omitted).

**Conclusion**:  In light of the foregoing, Defendants respectfully request that the court permit the above-referenced documents to be filed under seal and/or redacted, and permit only counsel and court personnel to view the proposed sealed documents.

Sincerely,

Kevin B. Leblang

Cc:     Counsel of Record (via ECF)

---

[3] Specifically, Defendants move to seal or redact the following exhibits: Ex. 4 (MS_002144); Ex. 12 (MS_002271); Ex. 13 (MS_000339); Ex. 27(MS_000899); Ex. 28 (MS_000902); Ex. 33 (MS_000695); Ex. 38 (MS_000682); Ex. 39 (MS_000724).  Defendants also move to redact certain references to those exhibits from the MOL and Rule 56.1 Statement.